NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSUE JOEL VALENCIA ARREAGA,<br><br>Petitioner,<br><br>v.<br><br>JASON BENZEL, *et al.*,<br><br>Respondents. | Civil Action No. 26-4718 (MAS)<br>26-4875 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the habeas petitions filed by Petitioner Josue Joel Valencia Arreaga ("Petitioner") pursuant to 28 U.S.C. § 2241. (Docket No. 26-4718 at ECF No. 1; Docket No. 26-4875 at ECF No. 1.) Following an order to answer, the Government filed a response to the petition (Docket No. 26-4718 at ECF No. 6), to which Petitioner replied (Docket No. 26-4718 at ECF No. 7). Also before the Court are Petitioner's Motion for a Temporary Restraining Order ("TRO") (Docket No. 26-4718 at ECF No. 2), and Motion to have Docket No. 26-4875 dismissed as duplicative (Docket No. 26-4875 at ECF No. 4). For the following reasons, Petitioner's original habeas petition (Docket No. 26-4718 at ECF No. 1) shall be granted, and the Government shall afford Petitioner with a bond hearing as required by 8 U.S.C. § 1226(a) within seven days. Petitioner's Motion for a TRO shall be denied as moot, and Petitioner's Motion seeking to have Docket No. 26-4875 dismissed as duplicative shall be granted.

By way of background, Petitioner is a native and citizen of Ecuador. (Docket No. 26-4718 at ECF No. 6-1 at 1.) Petitioner was encountered by immigration officials at the United States

border in October 2023, paroled into the United States, and issued a notice to appear for removal proceedings. (*Id.*; Docket No. 26-4718 at ECF No. 6 at 2.) Petitioner remained in removal proceedings until he was arrested by immigration officials on April 26, 2026. (*Id.*) Petitioner has remained detained without bond since that time, purportedly pursuant to 8 U.S.C. § 1225(b)(2). (*Id.*)

Since the Government's adoption of its current interpretation of § 1225(b)(2), the courts in this district have unanimously found that the plain text of that statute does not apply to aliens who were apprehended after entering and remaining in the United States for an extended time without inspection. *See, e.g., Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447 (D.N.J. Nov. 21, 2025); *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (collecting cases). As the Court explained in *Aguilar Ramos*, the Government has the authority to detain such aliens, including Petitioner, only pursuant to 8 U.S.C. § 1226(a), under which detainees are entitled to a bond hearing in which they can secure release by showing by a preponderance of the evidence that they are neither a danger nor a flight risk. *Aguilar Ramos*, 2025 WL 3251447, at *1. Because the Government admits in its Answer that this matter is indistinguishable from cases such as *Aguilar Ramos*,[1] (*see* Docket No. 26-4718 at ECF No. 6 at 2-3), and because aliens such as Petitioner who enter and remain in this country for a considerable time before being apprehended are not subject to detention under § 1225(b)(2), the Court finds that Petitioner's detention instead arises under § 1226(a) and that he is entitled to a bond hearing in accordance with the statute. *Aguilar Ramos*, 2025 WL 3251447, at *1.

---

[1] Although Petitioner appears to have originally been processed as an arriving alien and was paroled into the country for a period of time, the Government does not argue that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(1). Because the Government raises only § 1225(b)(2), and that statute does not apply to Petitioner, the Court need not address whether § 1225(b)(1) could have served as an alternative basis for detention.

2

Petitioner's habeas petition (Docket No. 26-4718 at ECF No. 1) shall therefore be granted, and the Government shall provide Petitioner with a bond hearing before an immigration judge pursuant to § 1226(a) within seven days. Because the Court will grant the petition, Petitioner's Motion for a TRO (Docket No. 26-4718 at ECF No. 2) shall be dismissed without prejudice as moot. Petitioner's motion seeking to have his duplicative petition dismissed (Docket No. 26-4875 at ECF No. 4) shall be granted, and Petitioner's duplicative petition (Docket No. 26-4875 at ECF No. 1) shall be dismissed without prejudice. An appropriate order follows.

Dated: 6/18/2026

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

3